IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-41224
Conference Calendar
_____


DONALD WAYNE HULL,

                                             Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                             Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CV-1478
- - - - - - - - - -

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Donald Wayne Hull, Texas prisoner #673637, appeals the
district court's dismissal of his 28 U.S.C. § 2241 petition for
failure to exhaust administrative remedies.  Hull was convicted
in both state and federal court for drug offenses arising from
the same incident or occurrence.  In his § 2241 petition, Hull
sought jail-time credit against his federal sentence for time in
state custody.  Hull's request is governed by 18 U.S.C.
§ 3585(b), under which a defendant is to be given credit toward

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his term of imprisonment for any time he spent in official detention prior to the commencement of his sentence "that has not been credited against another sentence." § 3585(b). Section 3585(b) does not authorize a district court to compute, at sentencing, credit for time spent in official detention; credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing. Prisoners are afforded administrative review of the computation of credits pursuant to 18 U.S.C. 3585(b) and may "seek judicial review of these computations after exhausting their administrative remedies." United States v. Wilson, 503 U.S. 329, 335 (1992); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992). Hull's petition is premature. The district court did not err in dismissing Hull's petition for failure to exhaust administrative remedies.

AFFIRMED.